CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 24 2014

JULIA C. ...EY, CLERK
BY: /s/
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DONELL J. BLOUNT, SR., | ) | CASE NO. 7:12CV00476 |
| Plaintiff, | ) ) ) | MEMORANDUM OPINION |
| v. | ) ) | |
| SGT. LARRY ROSS COLLINS, *ET AL.*, | ) ) | By: Glen E. Conrad Chief United States District Judge |
| Defendant(s). | ) | |

| | | |
|---|---|---|
| DONELL J. BLOUNT, SR., | ) | CASE NO. 7:13CV00505 |
| Plaintiff, | ) ) ) | MEMORANDUM OPINION |
| v. | ) ) | |
| SGT. LARRY ROSS COLLINS, | ) ) | By: Glen E. Conrad Chief United States District Judge |
| Defendant. | ) | |

This prisoner civil rights action under 42 U.S.C. § 1983 is currently before the court on motions for interlocutory injunctive relief filed by pro se plaintiff, Donell J. Blount, Sr. United States Magistrate Judge Pamela Meade Sargent, pursuant to a reference order under 28 U.S.C. § 636(b)(1)(B), conducted an evidentiary hearing and has filed a report recommending that Blount's motions be denied. From review of the record, the court concludes that Blount's objections must be overruled, the report and recommendation must be adopted, and Blount's motions for interlocutory injunctive relief must be denied.

I

Blount's initial § 1983 complaint (Case No. 7:12CV00476) alleged that four officers at Red Onion State Prison used excessive force against him on two occasions in 2012 ("the 2012

lawsuit"). The court denied the defendants' motion for summary judgment, and the matter is now scheduled for a jury trial in May 2014. In October 2013, Blount filed motions seeking interlocutory injunctive relief, based on allegations that one of the defendants, Sgt. Collins, had made verbal threats and used excessive force against Blount in retaliation for the 2012 lawsuit. The court conditionally filed these motions as a new and separate civil action (Case No. 7:13CV00505) ("the 2013 lawsuit"), and Blount filed an amended complaint, to which the defendant filed an answer. The court then set the 2013 lawsuit for trial with the 2012 lawsuit on May 15-16, 2014.

Blount's motions for interlocutory relief to alleviate the alleged danger that Sgt. Collins would retaliate against Blount before trial were referred to the magistrate judge. Blount filed timely objections to the report's conclusions and recommended disposition, making the matter ripe for disposition.

II

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "[1] that he is likely to succeed on the merits; [2] he is likely to suffer irreparable harm in the absence of preliminary relief; [3] that the balance of equities tips in his favor; and [4] an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010). Each of these four factors must be satisfied. Id. at 347.

To state a prima facie § 1983 claim of retaliation, an inmate must offer facts showing that his exercise of his constitutional right was a substantial factor motivating the retaliatory action. See, e.g., American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir.

1993) (citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977) (requiring plaintiff to show "a causal relationship between the protected expression and the retaliatory action"). Use of force by prison officials violates the Eighth Amendment only when applied "maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992). Force applied "in a good-faith effort to maintain or restore discipline," on the other hand, is not unconstitutional. Id.

III

The magistrate judge's report provides a lengthy summary of the testimony presented by the parties' witnesses at the evidentiary hearing and a summary of a video recording of Sgt. Collins' use of OC spray against Blount on October 8, 2013. Neither party has objected to the accuracy of this summary or asserted that any witness testified differently than reported. Accordingly, the court adopts the factual summary of the report.

Blount objects to the report's conclusion that "the evidence persuades the court that the use of force was not excessive, unreasonable or retaliatory, but rather was used in an effort to maintain inmate discipline." (ECF No. 51, p. 21.) On this ground, the magistrate judge finds "that Blount has failed to show a likelihood of success on his retaliation claim" and recommends denial of "his request for preliminary injunctive relief." (Id.) Blount asserts that in reaching her findings and conclusions, the magistrate judge failed to consider some of his evidence and improperly gave more weight to certain officers' testimony about Sgt. Collins' general treatment of inmates.

The court finds no merit to Blount's objections. The magistrate judge appropriately declined to decide from contradictory evidence whether Blount threatened Collins or Collins threatened Blount. The issue before the court at this juncture is not whether Sgt. Collins' actions

against Blount were retaliatory or excessive force in violation of his constitutional rights. These questions will be resolved by the jury at trial.

The current inquiry is whether Blount's evidence demonstrates the need for preliminary injunctive relief to ensure his safety until the trial. The answer is no. The undisputed evidence is that Sgt. Collins used OC spray against Blount only after seeking medical approval and only after Blount repeatedly refused to comply with direct orders. Also undisputed is the evidence that after Collins sprayed Blount, the inmate refused decontamination and required no medical care. Based on these facts, the court agrees with the magistrate judge that Blount has not demonstrated a likelihood of success in proving that Sgt. Collins' actions satisfied the requisite constitutional standards for retaliation or excessive force. In other words, from the evidence presented, it is no more likely than not that jurors will find in favor of Blount on these claims. As such, Blount has failed to establish a substantial likelihood of success on the merits, which is one of the four elements required to warrant the extraordinary remedy of preliminary injunctive relief. Real Truth, 575 F.3d at 346-47.

IV

For the reasons stated, the court overrules Blount's objections to the report and recommendation, adopts the report in its entirety, and denies Blount's motions for preliminary injunctive relief. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of April, 2014.

_____
Chief United States District Judge

4